**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS ANIBAL LALALEO YUCCHA,[1]<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>Respondents. | Civil Action No. 26-7461 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the habeas petition filed by Petitioner Luis Anibal Lalaleo Yuccha ("Petitioner") pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 7), to which Petitioner replied (ECF No. 8). For the following reasons, Petitioner's habeas petition is granted solely to the extent that Petitioner seeks to be reclassified as detained pursuant to 8 U.S.C. § 1226(a) and to be permitted to seek a bond hearing under that statute.

By way of background, Petitioner is a native and citizen of Ecuador. (ECF No. 7-1 at 1.) Petitioner crossed the southern U.S. Border near San Ysidro, California, in October 2022 without admission or inspection. (*Id.* at 2.) Petitioner was briefly caught and detained by U.S. Border Patrol following that crossing, but was released with a notice to appear that same month. (*Id.*) Petitioner remained released on his own recognizance pending the completion of his removal

[1] The docket sheet of this matter misspells Petitioner's name as "Lalayeo Yuccha." As Petitioner's name is actually Lalaleo Yuccha, the Clerk of the Court shall be directed to correct the spelling of Petitioner's name.

proceedings until June 1, 2026, when he was arrested by the Newark Police on aggravated assault charges which remain pending at this time. (*Id.*; *see also* ECF No. 8.) Petitioner was taken into immigration custody on June 21, 2026, following his release from jail. (ECF No. 7-1 at 2.) He has been detained without bond since that time pursuant to the Government's interpretation of 8 U.S.C. § 1225(b)(2). (*See* ECF No. 7 at 2.) Petitioner now seeks to challenge that interpretation, arguing that he is instead subject to detention only under 8 U.S.C. § 1226(a).

Since the Government's adoption of its current interpretation of § 1225(b)(2), the courts in this district have unanimously found that the plain text of that statute does not apply to aliens who were taken into immigration custody years after entering and remaining in the United States without inspection. *See, e.g.*, *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447 (D.N.J. Nov. 21, 2025); *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (collecting cases). As this Court explained in *Aguilar Ramos*, the Government instead has authority to detain such aliens, including Petitioner, only pursuant to 8 U.S.C. § 1226(a), under which detainees are entitled to a bond hearing in which they can secure release by showing by a preponderance of the evidence that they are neither a danger nor a flight risk. *Aguilar Ramos*, 2025 WL 3251447, at *1. As the Government recognizes in its answer that this matter is essentially indistinguishable from cases such as *Aguilar Ramos*,[2] (*see* 7 at 2-3), and as aliens such as Petitioner who enter and remain in this country without admission or parole for a considerable time before being taken into immigration custody are not subject to detention under § 1225(b)(2), this Court finds that

---

[2] Although Petitioner appears to have originally been processed as an arriving alien and was paroled into the country for a period of time, the Government does not argue that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(1). As the Government raises only § 1225(b)(2), and that statute clearly does not apply to Petitioner, the Court need not address whether § 1225(b)(1) could have served as an alternative basis for detention at this time.

Petitioner's detention instead arises under § 1226(a) and that he is entitled to a bond hearing in accordance with the statute. *Aguilar Ramos*, 2025 WL 3251447, at *1.

While the Court would normally order that Petitioner be provided a bond hearing under § 1226(a) in light of that status, Petitioner requests that the Court not require an immediate bond hearing as he believes that any bond hearing conducted prior to the conclusion of his pending criminal charges would result in bond being denied. (ECF No. 8.) As § 1226(a) and its implementing regulations permit a petitioner choose when and whether to seek a bond hearing, this Court will grant the petition solely to the extent that Petitioner may not be detained under § 1225(b)(2) and is instead subject to detention only under § 1226(a). In addition, the Court will order the Government to provide Petitioner with a bond hearing under § 1226(a) should Petitioner choose to seek a bond hearing in the future.

Moving beyond the issue of bond, Petitioner also requests that this Court maintain its order enjoining Petitioner's transfer from New Jersey indefinitely. The Court's standard procedures enjoining transfer during the pendency of a habeas proceeding, however, arise under the All Writs Act. The procedures impose upon the Government's discretion in choosing an appropriate place of detention only to ensure the status quo pending a final decision in an active immigration habeas proceeding. *See, e.g.*, *Martinez-Cruz v. Soto*, No. 25-18254, 2025 WL 3527124, at *1 n.2 (D.N.J. Dec. 9, 2025). Such an injunction is inherently dependent on a live case or controversy remaining before the Court to be resolved which would potentially be interfered with by a transfer during the pendency of the case. Once this Court grants Petitioner's habeas petition, however, no case or controversy will continue to exist before the Court, and the basis for the no transfer order will no

longer exist. The Court thus denies Petitioner's request to indefinitely extend the bar on transfers beyond the lifespan of this case.[3]

In conclusion, for the reasons expressed above, Petitioner's habeas petition is **GRANTED** to the extent that this Court finds that the Government may only detain him under 8 U.S.C. § 1226(a) and not § 1225(b)(2); and the Government shall provide Petitioner with a bond hearing under § 1226(a) if and when Petitioner chooses to seek one. Petitioner's request to indefinitely extend the bar on transfers this Court entered during the pendency of this matter is **DENIED**. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** September 15th 2026

[3] Petitioner also requests that this Court move beyond ensuring the status quo and enjoin his removal from the United States in the event he receives a final removal order before his pending criminal charges resolve. This Court, however, is specifically deprived of jurisdiction to enjoin the enforcement of a final order of removal. *See* 8 U.S.C. § 1252(g). Petitioner's pending criminal charges may not be used as a sword to obtain a form of relief which is otherwise unavailable.